UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW HOPKINS, | ) |
|           Plaintiff, | ) |
| | ) Case No. _____ |
|    v. | ) |
| | ) JURY TRIAL DEMANDED |
| TIVITY HEALTH, INC., ANTHONY M. SANFILIPPO, RICHARD ASHWORTH, SARA J. FINLEY, ROBERT J. GRECZYN, JR., BETH M. JACOB, BRADLEY S. KARRO, STEPHANIE DAVIS MICHELMAN, and ERIN L. RUSSELL, | ) |
|           Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on April 5, 2022 (the "Proposed Transaction"), pursuant to which Tivity Health, Inc. ("Tivity" or the "Company") will be acquired by affiliates of Stone Point Capital.

2. On April 5, 2022, Tivity's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Titan-Atlas Parent, Inc. and Titan-Atlas Merger Sub, Inc. Pursuant to the terms of the Merger Agreement, Tivity's stockholders will receive $32.50 in cash for each share of Tivity common stock they own.

3. On May 10, 2022, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Tivity common stock.

9. Defendant Tivity is a Delaware corporation and a party to the Merger Agreement. Tivity's common stock is traded on the NASDAQ under the ticker symbol "TVTY."

10. Defendant Anthony M. Sanfilippo is Chairman of the Board of the Company.

11. Defendant Richard Ashworth is President, Chief Executive Officer, and director of the Company.

12. Defendant Sara J. Finley is a director of the Company.

13. Defendant Robert J. Greczyn, Jr. is a director of the Company.

14. Defendant Beth M. Jacob is a director of the Company.

15. Defendant Bradley S. Karro is a director of the Company.

16. Defendant Stephanie Davis Michelman is a director of the Company.

17. Defendant Erin L. Russell is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

19. Tivity is a leading provider of healthy life-changing solutions, including SilverSneakers®, Prime® Fitness, and WholeHealth Living®.

20. The Company helps adults improve their health by providing access to in-person and virtual physical activity, social, and mental enrichment programs, as well as a full suite of physical medicine and integrative health services.

21. On April 5, 2022, Tivity's Board caused the Company to enter into the Merger Agreement.

22. Pursuant to the terms of the Merger Agreement, Tivity's stockholders will receive $32.50 in cash per share.

23. According to the press release announcing the Proposed Transaction:

Tivity Health® (Nasdaq: TVTY), a leading provider of healthy life-changing solutions, including SilverSneakers®, Prime® Fitness and WholeHealth Living®,

3

today announced that it has entered into a definitive agreement to be acquired by funds managed by Stone Point Capital. Under the terms of the agreement, Tivity Health stockholders will receive $32.50 in cash per share, representing a total transaction value of $2.0 billion. Upon completion of the transaction, Tivity Health will become a privately held company, and its common stock will no longer be traded on Nasdaq. . . .

Transaction Details

The $32.50 in cash per share to be received by Tivity Health stockholders represents a 20% premium to the 90-day volume-weighted average price (VWAP) ending April 4, 2022. Fully committed debt financing has been obtained and the transaction is not subject to a financing condition. The transaction is expected to close in or prior to the third quarter of 2022, subject to the receipt of shareholder approval, regulatory approval and other customary closing conditions. Following completion of the transaction, Tivity Health will become a privately held company.

Richard Ashworth will remain President and Chief Executive Officer of Tivity Health, upon closing of the transaction, and the Company will maintain its headquarters in Franklin, Tennessee and its campus location in Chandler, Arizona.

Advisors

Lazard is acting as the exclusive financial advisor to Tivity Health and Bass Berry & Sims PLC is serving as legal counsel to the Company. Truist Securities is acting as exclusive financial advisor to Stone Point and Kirkland & Ellis is serving as legal advisor to Stone Point.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

24. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

25. As set forth below, the Proxy Statement omits material information.

26. First, the Proxy Statement omits material information regarding the Company's financial projections.

27. The Proxy Statement fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics

28. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

4

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

29. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Lazard.

30. With respect to Lazard's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values used in the analysis; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; and (iii) the net debt used in the analysis.

31. With respect to Lazard's Public Company Trading Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies used in the analysis.

32. With respect to Lazard's Precedent Transactions Analysis, the Proxy Statement fails to disclose the closing dates of the transactions.

33. With respect to Lazard's Illustrative Leveraged Buyout Analysis, the Proxy Statement fails to disclose the individual inputs and assumptions underlying the internal rate of return and multiples used in the analysis.

34. With respect to Lazard's Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

35. With respect to Lazard's Equity Research Analyst Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. Third, the Proxy Statement fails to disclose whether Tivity entered into any nondisclosure agreements that contained "don't ask, don't waive" provisions.

38. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

39. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Tivity**

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Tivity is liable as the issuer of these statements.

42. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

43. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

44. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

45. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

46. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Tivity within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Tivity and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

52. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 20, 2022       **RIGRODSKY LAW, P.A.**

            By: */s/ Gina M. Serra*
              Gina M. Serra
              825 East Gate Boulevard, Suite 300
              Garden City, NY 11530
              Telephone: (516) 683-3516
              Email: gms@rl-legal.com

              *Attorneys for Plaintiff*